USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIEL DIAZ BAEZ, as Parent and Natural Guardian of L.G., and MARIEL DIAZ BAEZ, Individually,<br><br>Plaintiff,<br><br>-against-<br><br>MELISSA AVILES-RAMOS, et al.,<br><br>Defendants. | 25-CV-04029 (MMG)<br><br>**ORDER** |

MARGARET M. GARNETT, United States District Judge:

Plaintiff Mariel Diaz Baez, individually and on behalf of her child, L.G., filed this action on May 13, 2025, against Defendants New York City Department of Education ("DOE") and former Chancellor Melissa Aviles-Ramos. Dkt. No. 1. Plaintiff sues under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"), to "recover tuition, transportation and nursing costs for L.G.'s placement during the 2023–2024 extended school year." Dkt. No. 22 ("SAC") ¶ 56.

On January 29, 2026, Plaintiff moved for summary judgment on all claims. Dkt. No. 29. On March 16, 2026, Defendants opposed Plaintiff's motion and cross-moved for summary judgment. Dkt. Nos. 39–40. On July 13, 2026, Magistrate Judge Cave issued a Report and Recommendation recommending that Plaintiff's motion be denied and Defendant's cross-motion be granted. Dkt. No. 44 ("R&R") at 21. Plaintiff timely objected to the R&R. Dkt. No. 45 ("Obj.").

Upon careful review of the record and Judge Cave's R&R, the Court adopts the R&R in full. Plaintiff's motion for summary judgment is DENIED, and Defendants' cross-motion for summary judgment is GRANTED.

## DISCUSSION

The facts underlying Plaintiff's claims are extensively outlined in the R&R, familiarity with which is assumed, and which is attached to this Order for ease of reference.

## I. STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party submits timely and specific objections to a report and recommendation, the district court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with [the] [o]bjections and replies." *Bandhan v. Lab'y. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002)..[1] Furthermore, the district court "may adopt those portions of the . . . report to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-04722, 2015 WL

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the Report [and Recommendation], the Court may adopt [it] if there is no clear error on the face of the record." (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

## II. PLAINTIFF'S OBJECTIONS TO THE R&R ARE WITHOUT MERIT

Plaintiff raises four objections to the R&R. According to Plaintiff, the R&R erred by: (i) treating Plaintiff's failure to provide timely notice as a "near[] categorical bar to recovery," Obj. at 3; (ii) improperly discounting evidence of remote instruction, *id.* at 5; (iii) denying reimbursement for transportation and nursing services based on "contract terms and service-use evidence," *id.* at 7; and (iv) failing to find that iBrain was L.G.'s pendency placement for the 2024–2025 school year, *id.* at 11. The Court addresses each objection in turn.

### A. Plaintiff's First Objection Is Without Merit

Plaintiff contends that the R&R erroneously concluded as a matter of law that Plaintiff's delay in providing a formal ten-day notice to the DOE acted as a "near[] categorical bar to recovery without Defendants having to demonstrate any actual harm." Obj. at 3. This first objection fails because contrary to Plaintiff's characterization, the R&R did not treat Plaintiff's late notice as dispositive. Rather, the R&R explained that Plaintiff's untimely notice harmed DOE by "depriv[ing] DOE of the ability to take part in the interactive process to attempt to address Plaintiff's concerns." R&R at 14; *see also id.* at 14–15 ("By failing to provide the required notice until nearly the very end of the 2023–2024 school year, Plaintiff deprived the DOE of any opportunity to mitigate the need for a private school placement, which is more expensive, and was therefore harmed."). Reviewing *de novo*, the Court agrees: Had plaintiffs "timely provided the 10-day written notice, the DOE could have had an opportunity to amend the [] IEP in light of Plaintiffs' concerns." *Erde v. Banks*, No. 21-CV-09285 (VSB) (VF), 2022 WL

18461297, at *7 (S.D.N.Y. Dec. 28, 2022), *report and recommendation adopted*, 2023 WL 373156 (S.D.N.Y. Jan. 24, 2023).

Plaintiff argues DOE did not suffer any harm from the more-than-eight-month delay in filing the notice because, notwithstanding Plaintiff having raised concerns at the 2022 and 2023 IEP meetings about the level of engagement DOE's proposed placement offered L.G., DOE took no action to remedy those concerns. Obj. at 3–4. But the fact "that [Plaintiff] indicated the possibility that [she] might reject the placement does not suffice under the plain text of the statute," *Erde*, 2022 WL 18461297, at *6, which requires that parents "inform the IEP Team that they [a]re rejecting the placement . . . including stating their concerns and their intent to enroll their child in a private school at public expense." *See* 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(aa). Plaintiff herself admits that the "IEP . . . d[id] not note [Plaintiff's] intent to remove [L.G.] from the public school" and only "reflect[ed] disagreements." Dkt. No. 42 at 2; *see also* R&R at 13–14 (during the 2022 and 2023 IEP meetings, "Plaintiff only raised discrete concerns regarding [L.G.'s] sensory stimulation and lack of engagement" and "did not state that she was taking L.G. out of the public school").

The R&R correctly concluded that denial of reimbursement on the equities is appropriate where, as here, Plaintiff's multi-month failure to comply with the notice requirement in 20 U.S.C. § 1412 "frustrate[d] [Defendants'] ability to place [L.G.] in an appropriate private setting of the State's choice." *N.R. ex rel. T.R. v. Dep't of Educ. of City Sch. Dist. of City of New York*, No. 07-CV-09648 (BSJ), 2009 WL 874061, at *6 (S.D.N.Y. Mar. 31, 2009).

**B. Plaintiff's Second and Third Objections Are Without Merit**

Plaintiff next argues that in denying reimbursement for nursing and transportation services, the R&R improperly discounted evidence of remote instruction, Obj. at 5, and improperly relied on the fact that Plaintiff "did not enter into the contract [for transportation

services] until after the 2023–2024 school year ended," *id.* at 9 (citing R&R at 4). These objections are also meritless.

The R&R concluded that Plaintiff was not entitled to reimbursement for nursing and transportation services in part because Plaintiff "failed to present sufficient evidence showing L.G.'s attendance at iBrain for which he would have required th[ose] services . . . during the 2023–2024 school year." R&R at 17. Independently reviewing the record, the R&R found that L.G. was "extensively absent" during the 2023–2024 school year, and determined that the failure to provide credible evidence of L.G.'s actual attendance tipped the balance of the equities against reimbursement for transportation that may not have occurred. *Id.* As another example of Plaintiff's lack of credible evidence of L.G.'s attendance, the R&R noted that the transportation contract was not signed until after the 2023–2024 school year was over, masking the extent to which services were actually used. *Id.* at 4. Finally, the R&R found that the record reflected genuine credibility concerns regarding Plaintiff's statements, which further weighed against reimbursement. *Id.* at 18 (noting Plaintiff's "attestation . . . was demonstrably false in light of the documentary evidence," and Plaintiff's testimony that L.G. had "perfect attendance was contradicted both by Plaintiff's testimony . . . and documentary evidence").

"[E]quitable balancing . . . is a matter as to which district courts not only have particular expertise but also broad discretion." *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 331 (2d Cir. 2024); *see also Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) ("[T]he district court enjoys broad discretion in considering equitable factors relevant to fashioning relief."). Plaintiff cites no caselaw suggesting that Judge Cave's consideration of the foregoing factors was improper. To the contrary, courts routinely take such equitable considerations into account when evaluating the third prong of the *Burlington-Carter* test. *See, e.g.*, *Cornett v.*

*Samuels*, No. 25-830, 2026 WL 456257, at *2 (2d Cir. Feb. 18, 2026) ("[I]t would be inequitable to grant [Plaintiff's] request for reimbursement of hundreds of thousands of dollars (including for transportation that did not occur) when [the student] did not attend iBRAIN most of the week."); *B.D. v. Eldred Cent. Sch. Dist.*, 661 F. Supp. 3d 299, 317 (S.D.N.Y. 2023) ("Conduct occurring at an IHO hearing is . . . an equitable consideration."). In light of the scant evidence of actual attendance and, at best, conflicting testimony, the Court agrees with Judge Cave that the equities weighed against reimbursement of transportation and nursing services..[2]

### C. Plaintiff's Fourth Objection Is Without Merit

Finally, Plaintiff asserts that iBrain was L.G.'s pendency placement for the 2024–2025 school year and that the R&R erred by not making that finding. Obj. at 11. That is wrong.

As the R&R correctly notes, Plaintiff's operative complaint does not plead a cause of action seeking reimbursement for the 2024–2025 school year. R&R at 19. It is well-settled that "a plaintiff may not raise a claim for the first time in [her] summary judgment briefing." *Mondano v. Banks*, No. 22-CV-07519 (JPC), 2024 WL 1363583, at *9 n.7 (S.D.N.Y. Mar. 30, 2024). Accordingly, the R&R correctly concluded that Plaintiff's reimbursement request for the 2024–2025 school year should be denied..[3]

## III. THE COURT FINDS NO CLEAR ERROR

The Court has reviewed those aspects of the R&R that were not the subject of any objection for clear error and finds none.

---

[2] In any event, Plaintiff has failed to meet her burden of showing that the equities weigh in her favor. *See Garzon as Parent & Nat. Guardian of M.G. v. Aviles-Ramos*, No. 25-CV-05284 (JGK), 2026 WL 1623049, at *7 (S.D.N.Y. June 5, 2026).

[3] Moreover, this very issue is the subject of a separate active federal case. *See Bd. of Educ. of the City Sch. Dist. of the City of New York v. M.D.B.*, No. 26-CV-01122 (S.D.N.Y.) (LJL). Plaintiff has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

## CONCLUSION

For the reasons set forth above, the R&R is adopted in full. Plaintiff's motion for summary judgment, Dkt. No. 29, is DENIED, and Defendants' cross-motion for summary judgment, Dkt. No. 39, is GRANTED.

The Clerk of Court is respectfully directed to enter judgment for Defendants and CLOSE this case.

Dated: September 22, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge